UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SK'S COSMETIC BOUTIQUE INC. and        :
SUSAN KEANE,                           :
            Plaintiffs,               :
v.                                     :     **OPINION AND ORDER**
                                       :
J.R SILVERBERG REALTY, LLC, and THE    :     20 CV 2035 (VB)
ESTATE OF JEROLL SILVERBERG,           :
            Defendants.               :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs SK's Cosmetic Boutique Inc. ("SK's Cosmetic") and Susan Keane bring this action against defendants J.R. Silverberg Realty, LLC ("J.R. Silverberg"), and the Estate of Jeroll Silverberg (the "Estate") alleging claims for promissory estoppel and prima facie tort.

      Now pending is defendants' unopposed motion to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), insufficient service of process pursuant to Rule 12(b)(5), and failure to state a claim pursuant to Rule 12(b)(6). (Doc. #7).

      For the reasons set forth below, the motion is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

      For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiffs' favor, as summarized below.

      SK's Cosmetic is a cosmetic, skin care, and medical spa whose owner and sole shareholder is Susan Keane. Plaintiffs allege that in or about October 2009, SK's Cosmetic entered into a five-year lease with J.R. Silverberg for a storefront in New Canaan, Connecticut.

1

Plaintiffs further allege that in August 2014, Keane, on behalf of SK's Cosmetic, and representatives of J.R. Silverberg began discussions about renewing the lease. Plaintiffs claim Keane was assured by J.R. Silverberg that it would not rent any of its nearby vacant properties to a business that would compete with SK's Cosmetic. According to plaintiffs, after receiving such assurances, plaintiffs then entered into a second lease agreement with J.R. Silverberg for a term running from October 1, 2014, to September 30, 2019.

Plaintiffs allege soon after they entered into the second lease, J.R. Silverberg rented a nearby property to an entity doing business as Greenwich Pharmacy and Spa. Plaintiffs claim Greenwich Pharmacy and Spa is a "complete copy" of their business. (Doc. #1-1 ("Compl.") ¶ 27). Indeed, plaintiffs allege Greenwich Pharmacy and Spa offers products and services that were "identical" to those offered by SK's Cosmetic. (Id.).

On February 10, 2020, plaintiffs commenced this action in Supreme Court, Westchester County. Defendants removed the case to this Court based on diversity of citizenship, and thereafter filed the instant motion.

## DISCUSSION

I.   Standard of Review

"Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), "the Court must first address the preliminary questions of service and personal jurisdiction." Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007);[1] see also Arrowsmith v. United Press Int'l, 320 F.2d 219, 234 (2d Cir. 1963) (remanding to district court to resolve issues relating to jurisdiction, "before any further consideration of the merits"). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of

2

summons must be satisfied." Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2008) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).

    A.    Rule 12(b)(5)

When considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, the Court must look to matters outside the complaint to determine whether it has jurisdiction. Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Plaintiffs bear the burden of proving service of process was adequate. Id. "In measuring sufficiency of process before removal, the court looks to standards established by state law." Gay v. Carlson, 1991 WL 190584, at *5 (S.D.N.Y. Sept. 17, 1991), aff'd, 60 F.3d 83 (2d Cir. 1995).

    B.    Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Prior to conducting discovery, plaintiff may defeat a motion to dismiss "by pleading in good faith legally sufficient allegations of jurisdiction." Ball v. Matallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). A plaintiff can also make this showing through its own affidavits and supporting materials containing an averment of facts that, if credited, would suffice to establish jurisdiction over a defendant. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). When there has been no hearing on the merits, "all pleadings and affidavits must be construed in the light most favorable to [plaintiff] and all doubts must be resolved in . . . plaintiff's favor." Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).

---

[1]    Unless otherwise indicated, case quotations omit all internal citations, quotations,

"Nevertheless, conclusory allegations lacking factual specificity do not satisfy this burden." RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 393 (S.D.N.Y. 2009), aff'd, 387 F. App'x 72 (2d Cir. 2010).

    C.    Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, a complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.    Service of Process

Defendants argue the Court should dismiss the complaint because plaintiffs failed properly to serve defendants.

---

footnotes, and alterations.

The Court declines to dismiss the complaint on this ground because defendants' motion was premature.

Under New York law, service can be made with a "summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause," and such service "shall be made within one hundred twenty days after the commencement of the action or proceeding." N.Y. C.P.L.R. § 306-b.

Here, plaintiffs commenced this action in Supreme Court, Westchester County, on February 10, 2020. Under Section 306-b, plaintiffs had until June 9, 2020, to serve defendants. However, defendants filed their motion on April 21, 2020. Accordingly, defendants' motion was premature when filed.

III.     Personal Jurisdiction

Defendants argue the claims against J.R. Silverberg must be dismissed because the Court lacks personal jurisdiction over defendant.

The Court agrees.

A.     Legal Standard

In a diversity case such as this, personal jurisdiction is determined by reference to the law of the state in which the Court sits. Kernan v. Kurz–Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). If personal jurisdiction is found under state law, the Court must also consider whether "exercise of personal jurisdiction over the defendant satisfies the requirements of due process." Metropolitan Life Ins. Co. v. Robertson–CECO Corp., 84 F.3d 560, 567 (2d Cir. 1996).

To determine whether personal jurisdiction exists over a non-domiciliary defendant, the Court engages in a two-step inquiry. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court determines whether the forum state's law permits the

exercise of jurisdiction over a defendant. See id. "[T]he second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Id. at 164. The second step is required only if the forum state's jurisdictional requirements are satisfied. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).

"CPLR § 302 is New York's 'long-arm' statute permitting jurisdiction over an out-of-state defendant." Bidonthecity.com LLC v. Halverston Holdings Ltd., 2014 WL 1331046, at *3 (S.D.N.Y. Mar. 31, 2014). Pursuant to Section 302(a):

> [A] court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015). As to the first requirement, the New York Court of Appeals has held that "transacting business" within the context of Section 302(a)(1) applies to a defendant who has "purposefully availed itself of the benefits and privileges of conducting business in New York." Am./Int'l 1994 Venture v. Mau, 42 N.Y.S.3d 188 (2d Dep't 2016). When analyzing whether a

defendant has "purposefully availed itself" in satisfaction of Section 302(a)(1), courts look not to the "number of contacts" a defendant has, but rather "the quality of the contacts." Id.

As to the second requirement, a plaintiff must allege the "claim arises from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006).

To show personal jurisdiction under Section 302(a)(2), a plaintiff must allege "a defendant's act or omission . . . occurred within the State." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 790 (2d Cir. 1999) (citing Kramer v. Vogl, 17 N.Y.2d 27, 31 (1966)).

To show personal jurisdiction under Section 302(a)(3), courts generally apply a situs-of-injury test which looks to "the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Whitaker v. American Telecasting, Inc., 261 F.3d at 209 (citing Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)).

Finally, to show personal jurisdiction under Section 302(a)(4), plaintiff must allege defendant "owns, uses or possesses any real property situated within" New York.

B. Application

Here, plaintiffs have not plausibly alleged or otherwise established personal jurisdiction over J.R. Silverberg under any provision of New York's long-arm statute.

First, the complaint does not plausibly allege J.R. Silverberg "in person or through an agent transact[ed] any business within the state," or "owns, uses or possesses any real property situated" in New York. Although plaintiffs allege J.R. Silverberg was "regularly . . . doing

business within the State of New York" (Compl. ¶ 5), this allegation is devoid of factual specificity and therefore entirely conclusory. Defendants speak where the complaint is silent, stating, J.R Silverberg "does not own any property or conduct any business outside of Connecticut," "has never done business in New York," "has never owned property in New York," and "does not transact any business in New York." (Doc. #9 ("Romaniello Decl.")) ¶¶ 8-10). Plaintiffs did not submit any affidavits or evidence to the contrary. Therefore, personal jurisdiction over J.R. Silverberg cannot be premised on Sections 302(a)(1) or (a)(4).

Second, the complaint does not plausibly allege J.R. Silverberg "commit[ed] a tortious act within the state," as required to establish personal jurisdiction under Section 302(a)(2), nor does the complaint allege defendants committed a tortious act outside the state that caused injury within New York, to satisfy Section 302(a)(3). The events plaintiffs allege to support their claims for promissory estoppel and prima facie tort are not alleged to have taken place in New York or to have caused injury within New York. Instead, plaintiffs claim they were injured in Connecticut by defendants' decision in Connecticut to rent a nearby storefront in Connecticut to a competitor, causing or threatening harm to plaintiffs' business in Connecticut. Given that the situs of the injury was squarely in Connecticut, the Court has no basis to exercise personal jurisdiction over defendants pursuant to Sections 302(a)(2) or (a)(3).

Because the forum state's jurisdictional requirements are not satisfied here, the Court need not engage in the second step of the personal jurisdiction analysis—the Due Process inquiry. See Best Van Lines, Inc. v. Walker, 490 F.3d at 244. Accordingly, the Court concludes the claims against J.R. Silverberg must be dismissed for lack of personal jurisdiction.

III.    Failure to Sue a Proper Party

Defendants argue the claims against the Estate must be dismissed pursuant to Rule 12(b)(6) because the Estate is not a legal entity capable of being sued.

The Court agrees.

Rule 17(b) of the Federal Rules of Civil Procedure provides that the "[c]apacity to sue or be sued" for all parties other than individuals or corporations "is determined . . . by the law of the state where the court is located."  Accordingly, the Estate's capacity to be sued must be determined by New York law.

Under New York law, "[an] estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity." See Wilmington Trust, N.A. v. Estate of McClendon, 287 F. Supp. 3d 353, 374 (S.D.N.Y. 2018) (quoting Visutton Assocs. v. Fastman, 991 N.Y.S.2d 240, 242 (2d Dep't 2014)).  Because here, plaintiffs have brought claims against the Estate, rather than the executor or administrator of the Estate in a representative capacity, such claims against the Estate must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #7) and close this case.

Dated:  June 24, 2020
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

9